1  PETER Z. STOCKBURGER (SBN 265750)
   peter.stockburger@dentons.com
2  EMMA MORALYAN (SBN 311511)
   emma.moralyan@dentons.com
3  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5704
   Telephone:   213 623 9300
5  Facsimile:   213 623 9924

6  Attorneys for Defendant
   LESLIE'S POOLMART, INC.
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11 REBEKA RODRIGUEZ, individually and       Case No. 2:24-cv-00100
   on behalf of all others similarly situated,
12                                           **NOTICE OF REMOVAL UNDER**
                  Plaintiffs,                **CAFA, 28 U.S.C. § 1332(D), 28 U.S.C.**
13                                           **§ 1441, 28 U.S.C. § 1446 AND 28**
        vs.                                  **U.S.C. § 1453**
14
   LESLIE'S POOLMART, INC., a                Los Angeles County Superior Court
15 Delaware corporation d/b/a                Case No. 23STCV28907
   WWW.LESLIESPOOL.COM,                      Filed: November 22, 2023
16
                  Defendants.
17

18

19 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

20 **CENTRAL DISTRICT OF CALIFORNIA:**

21         PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act

22 ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446 and 28 U.S.C.

23 § 1453, Defendant Leslie's Poolmart, Inc. ("Leslie's" or "Defendant") hereby files

24 its Notice of Removal of the above-entitled action from the Superior Court of the

25 State of California, County of Los Angeles, to the United States District Court for

26 the Central District of California. In support of its removal, Defendant respectfully

27 offers the following:

28

125858126\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

**I.    BACKGROUND**

1.    On November 27, 2023, Plaintiff Rebeka Rodriguez ("Plaintiff") filed a civil action, on behalf of a putative California Class, captioned *Rebeka Rodriguez, individually and on behalf of all others similarly situated v. Leslie's Poolmart, Inc., a Delaware entity*, Case No. 23STCV28907 (the "State Court Action").

2.    The sole named defendant in the State Court Action is Leslie's.

3.    Plaintiff's Complaint alleges one cause of action against Leslie's for violations of the California Invasion of Privacy Act ("CIPA"), Penal Code Section 638.51. *Complaint*, ¶¶ 24-29. The Complaint alleges that Leslie's "deployed pen register software to access Plaintiff's device, install tracking software, and obtain Plaintiff's IP address" in violation of the CIPA. *Id.*, ¶¶ 25-26.

4.    On December 5, 2023, a copy of the Summons, Complaint and associated papers were personally served on Leslie's. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and all process and pleadings in the state court action are submitted concurrently herewith as **Exhibit "A."**

5.    Leslie's is filing this Notice of Removal within thirty (30) days of the service of Plaintiff's Complaint on it in this action, and thus removal is timely under 28 U.S.C. section 1446. *See* Declaration of Frederick Kalve ("Kalve Decl."), ¶¶ 1-8.

6.    The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1446, and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements under CAFA for federal jurisdiction based upon Plaintiff's allegations and theories (which Leslie's disputes, yet which control for removal purposes): (1) the parties are minimally diverse; (2) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (3) the proposed class

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

NOTICE OF REMOVAL

125858126\V-1

consists of more than 100 putative class members; and (4) the exceptions to CAFA preventing removal do not apply.

## II. THE STATE COURT ACTION IS REMOVABLE UNDER CAFA, 28 U.S.C. § 1332(d)

7.      Plaintiff brings this case as a putative class action under the CIPA, Penal Code Section 638.51. Complaint, ¶¶ 24-29. In particular, Plaintiff filed this putative class action Complaint on behalf of:

> "All persons within the state of California who visited Defendants [*sic*] website within the statute of limitations period and whose privacy was violated as described above."

*Id*. at ¶ 18.

Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."

8.      CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where (a) any member of the putative class is a citizen of a State different from that of any defendant; (b) the aggregate amount in controversy for the putative class exceeds $5,000,000 exclusive of interest and costs; and (c) the putative class contains at least 100 members. 28 U.S.C. § 1332(d); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal jurisdiction.

### A. Burden on Removal

9.      In removing an action to federal court under CAFA, a defendant is not required to submit evidence that the jurisdictional elements are satisfied. To the contrary, a "defendant's notice of removal need include only a plausible allegation"

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

NOTICE OF REMOVAL

125858126\V-1

Case 2:24-cv-00100-SVW-BFM    Document 1    Filed 01/05/24    Page 4 of 37    Page ID
#:4

1   that the CAFA requirements are satisfied. *See Dart Cherokee Basin Operating Co.*
2   *v. Owens*, 547 U.S. 81 (2014).

3       **B.    Minimal Diversity Exists**

4       10.    CAFA requires minimal diversity – at least one putative class member
5   must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A).
6   Here, named Plaintiff is a resident of California and Plaintiff "brings this class
7   action individually and on behalf of all others similarly situated" who "visited
8   Defendants website within the statute of limitations period and whose privacy was
9   violated as described above." *Complaint*, ¶ 18. "[A] person's place of residence…
10  is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home*
11  *State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto.*
12  *Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (same); *Gonzalez v. First NLC*
13  *Fin. Serv.,* 2009 WL 2513670, at *2 (C.D. Cal. Aug. 12, 2009) (same).

14      11.    Here, the putative class contains at least one putative class member
15  who is expressly identified as a citizen of the State of California, namely, Plaintiff
16  Rebeka Rodriguez. *Complaint*, ¶ 4; *see Mondragon v. Capital One Auto Finance*,
17  736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in
18  the complaint can be taken as a sufficient basis, on their own, to resolve questions
19  of jurisdiction where no party challenges the allegations…"); *see also Hollinger*,
20  654 F.3d at 571 (residence is "prima facie proof" of domicile).

21      12.    For the purposes of CAFA, "a corporation shall be deemed to be a
22  citizen of every State and foreign state by which it has been incorporated and of the
23  State or foreign state where it has its principal place of business." 28 U.S.C.
24  § 1332(c)(1). Leslie's is incorporated in Delaware. Declaration of Scott Song
25  ("Song Decl."), ¶ 2; *see Complaint*, ¶ 5 (alleging that Leslie's is a "Delaware
26  company that sells pool supplies throughout the United States and in this County").
27  Accordingly, Leslie's is a citizen of Delaware.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

- 4 -

NOTICE OF REMOVAL

125858126\V-1

13.    The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Leslie's also has a principal place of business in Phoenix, Arizona. Song Decl., ¶ 3. Therefore, Leslie's is also a citizen of Arizona. *See id*; *Hertz Corp.*, 559 U.S. at 80-81.

14.    Because Leslie's is a citizen of Delaware and Arizona and the named Plaintiff is a citizen of California, minimal diversity exists.

**C.    The Putative Class Exceeds 100 Members**

15.    CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is met here. Plaintiff alleges she "does not know the number of Class Members but believes the number to be around 100." *See* Complaint, ¶ 19. Further, the total number of visits from California to Leslie's website, during the relevant time period between November 27, 2022 and December 31, 2023, exceeded 10,000. Song Decl., ¶ 6.

**D.    The CAFA Amount-in-Controversy Requirement Is Satisfied**

16.    CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). In a Notice of Removal, a defendant need only allege that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Moreover, the ultimate inquiry depends on what amount is "put in controversy" by the plaintiff – not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In considering whether the amount in controversy is met in actions seeking statutory penalties, courts may consider the statutory maximum penalty available under the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

NOTICE OF REMOVAL

125858126\V-1

claims asserted. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) (CAFA amount-in-controversy satisfied where "complaint sought [statutory] penalties of 'up to… $1,000 per violation'").

17.    Here, based upon Plaintiff's allegations and theories (which Leslie's disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied. Plaintiff seeks relief for Plaintiff and each member of the putative class, including statutory damages for violations of CIPA, punitive damages, and attorneys' fees.

18.    The Complaint does not quantify the number of alleged violations at issue, or otherwise quantify the amount of damages sought. Plaintiff claims that Plaintiff and class members are entitled to "statutory damages of $5,000," punitive damages, and attorneys' fees. Complaint, ¶¶ 26-29. Plaintiff's Complaint seeks to include a California-wide class of all visitors to Leslie's website within the statutory period. *See* Complaint, ¶ 18. The total number of visits to Leslie's website from California, between November 27, 2022 and December 31, 2023, exceeded 10,000. Song Decl., ¶ 6.

19.    Under the CIPA, the statute of limitations period is 1 year. *See Ion Equip. Corp. v. Nelson*, 168 Cal. Rptr. 361, 367 (Ct. App. 1980). While Plaintiff **believes** that the class size is around 100—Plaintiff states that the actual size of the class is unknown. Complaint, ¶ 19 (emphasis added). Further Plaintiff defines the class as "***All persons*** within the state of California who visited Defendants [*sic*] website within the statute of limitations period and whose privacy was violated as described above"—and seeks statutory damages, attorney's fees, and punitive damages for Plaintiff and the class members. Complaint, ¶ 18, 28-29 (emphasis added). Given that the class size is not currently known and the total number of visits from California to Leslie's website, between the relevant time period between November 27, 2022 and December 31, 2023, exceeded 10,000—the aggregate

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

NOTICE OF REMOVAL

1  amount in controversy can plausibly exceed $5,000,000 for the entire putative class.

2  *See* Song Decl., ¶ 6.

3      20.    The exceptions to CAFA preventing removal do not apply here.

4  **III.**    **REMOVAL TO THE CENTRAL DISTRICT IS PROPER**

5      21.    This Notice of Removal is filed within thirty days of December 5,

6  2023, when Leslie's was served with the Summons and Complaint in the State

7  Court Action. Kalve Decl., ¶¶ 1-8. Thus, this Notice of Removal is timely filed in

8  accordance with 18 U.S.C. § 1446(b).

9      22.    The United District Court for the Central District of California

10  embraces the county and court in which the Plaintiff filed this case. 28 U.S.C.

11  § 84(c). Therefore, this action is properly removed to this Court pursuant to 28

12  U.S.C. § 1446(a).

13      23.    Pursuant to 28 U.S.C. § 1446(a), Leslie's has attached as **Exhibit "A,"**

14  a copy of all process, pleadings and orders served upon it in the State Court Action.

15      24.    Leslie's will promptly serve Plaintiff with this Notice of Removal, and

16  will promptly file a copy of this Notice of Removal with the clerk of the Superior

17  Court of the State of California for the County of Los Angeles, as required by 28

18  U.S.C. § 1446(d).

19

20  Dated: January 5, 2024            Respectfully submitted,

21                                 DENTONS US LLP

22                                 By: */s/ Emma Moralyan*

23                                    Peter Z. Stockburger
                                  Emma Moralyan

24                                 Attorneys for Defendant
                               LESLIE'S POOLMART, INC.

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

NOTICE OF REMOVAL

125858126\V-1

# Exhibit A

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/27/2023 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Carini, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LESLIE'S POOLMART, INC., a Delaware corporation d/b/a WWW.LESLIESPOOL.COM,<br><br>Defendant. | Case No. 23STCV28907<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA PENAL CODE SECTION 638.51** |

## I.    <u>INTRODUCTION</u>

To learn the identity of anonymous visitors to <u>www.lesliespool.com</u> (the "Website") and monetize its knowledge of those visitor and their online habits, Defendant has secretly deployed spyware that accesses visitor devices, installs tracking software, and surveils their browsing habits.

Plaintiff visited Defendant's website using a mobile device.  Without Plaintiff's knowledge or consent, Defendant secretly used "pen register" software to access Plaintiff's device and install tracking software in violation of California law.

## II.    <u>JURISDICTION AND VENUE</u>

1.    Defendant is subject to jurisdiction in this state under Penal Code section 502(j), which provides that a person who accesses a computer from another jurisdiction is deemed to have personally accessed the computer in California.  Plaintiff was in California when Defendant accessed Plaintiff's device and installed tracking code.

2.    Defendant is also subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."  Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians (including instances in which the website operates as a "gateway" to sales), such that the website "is the equivalent of a physical store in California."  Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

3.    Venue is proper in this County because many class members reside in this County.

## III.    <u>PARTIES</u>

4.    Plaintiff  is a resident of California.  Plaintiff is also a consumer privacy advocate who works as a "tester" to ensure that companies abide by the privacy obligations imposed by California law.  As an individual who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified." *See Murray v. GMAC Mortgage Corp*., 434 F.3d 948, 954 (7th Cir. 2006).  Indeed, the Ninth Circuit recently made exceptionally clear that it is "necessary

1    and desirable for committed individuals to bring serial litigation" to enforce and advance consumer

2    protection statutes, and that Courts must not make any impermissible credibility or standing inferences

3    against them.  *Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023).

4        5.      Defendant is a Delaware company that sells pool supplies throughout the United States

5    and in this County.

6                            **IV.    FACTUAL ALLEGATIONS**

7    **A.    The Right to Privacy Has Always Been a Legally Protected Interest in the United States.**

8        6.      Since America's founding, privacy has been a legally protected interest at the local, state,

9    and federal levels. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1271–72 (9th Cir. 2019) (quoting *Spokeo,*

10   *Inc. v. Robins*, 578 U.S. 330, 341 (2016)) ("Privacy rights have long been regarded 'as providing a basis

11   for a lawsuit in English or American courts.'"); and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th

12   Cir. 2017) ("Violations of the right to privacy have long been actionable at common law.").

13       7.      More specifically, privacy protections against the disclosure of personal information are

14   embedded in California statutes and at common law.  *See e.g.*, *U.S. Dep't of Justice v. Reporters Comm.*

15   *for Freedom of the Press*, 489 U.S. 749, 763 (1989) ("The Ninth Circuit has  repeatedly held that privacy

16   intrusions may constitute "concrete injury" for purposes of Article III standing); *Van Patten v. Vertical*

17   *Fitness Grp., LLC*, 847 F.3d 1037, 1041–43 (9th Cir. 2017) (finding "concrete injury" where plaintiffs

18   claimed that unsolicited telemarketing calls "invade the privacy and disturb the solitude of their

19   recipients*"); In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (finding

20   "concrete injury" where Facebook allegedly tracked users' "personally identifiable browsing history"

21   on third party websites); *Patel*, 932 F.3d at 1275 (finding "concrete injury" where plaintiffs claimed

22   Facebook's facial-recognition technology violated users' privacy rights).

23       8.      In short, the privacy of personal information is—and has always been—a legally

24   protected interest in many contexts. Thus, a defendant whose acts or practices violate consumer privacy

25   inflicts an actionable "injury" upon an individual.

26

27

28

**B.      Defendant Secretly Installs Tracking Software on the Devices of All Visitors To Its Website
In Violation of California Law.**

9.      Every device connected to the internet has a unique IP address, typically consisting of a sequence of numbers. *See United States v. Caira*, 833 F.3d 803, 805 (7th Cir. 2016). An IP address "is used to route information between devices." *United States v. Ulbricht*, 858 F.3d 71, 84 (2d Cir. 2017).

10.      Once linked to a particular individual, a unique IP address can be used to compile a detailed picture of an individual's online activities, including: the online services for which an individual has registered; personal interests based on websites visited; organizational affiliations; where the individual has been physically; a person's political and religious affiliations; individuals with whom they have leanings and with whom they associate; and where they travel, among other things. *See* https://www.priv.gc.ca/en/opc-actions-and-decisions/research/explore-privacy-research/2013/ip_201305/    (last downloaded November 2023).

11.      For the preceding reasons, the ability to link an IP address to a particular individual is of great monetary value and has created an entire industry known as "identity resolution."   Identity resolution is generally defined as "the ability to recognize an individual person, in real-time, by connecting various identifiers from their digital interactions across devices and touchpoints."  *See* https://www.fullcontact.com/identity-resolution/ (last visited November 2023).

12.      The technical means by which an IP address is linked to a particular individual is via deployment of "pen register" software.   Traditionally, law enforcement used "pen registers" in investigations to record all numbers called from a particular telephone, and "pen registers" required physical machines. Today, pen registers take the form of software.  *See In re Order Authorizing Prospective & Continuous Release of Cell Site Location Recs.*, 31 F.Supp.3d 889, 898 n.46 (S.D. Tex. 2014) (citing Susan Freiwald, *Uncertain Privacy: Communication Attributes After the Digital Telephony Act*, 69 S. Cal. L. Rev. 949, 982-89 (1996) (describing the evolution of the pen register from mechanical device to computer code)).

13.      The following graphic shows how a website deploying pen register software to capture the IP address of visitors can identify anonymous website visitors and a great deal of personal information about their lives and habits:

14.    In the above example, a "pen register" has been used to capture an anonymous user's IP address and compare it to previously aggregated "touchpoints" to reveal the following details about a website visitor:

    (a) Full name (*Mary Smith*)

    (b) Date of birth (*May 1, 1979*)

    (c) Gender (*female*)

    (d) Home address (*2345 Avenue C, Papillion Nebraska*)

    (e) Marital Status and Family (*Married with two children*)

    (f) E-mail address (Mary.Smith@gmail.com)

    (g) Personal Cell Phone: (*111) 123-4567*

    (h) Voter Registration Status (*Registered*)

    (i) Interests (*Shopping, Cooking, Traveling, Reading, Science*)

    (j) Employer (*Karen's Fireside, Inc.*)

    (k) Title (*Vice President*)

    (l) Work Hours (*Daily 9-5*)

15.    Because of the massive privacy implications, California law prohibits the deployment of pen register software without first obtaining a court order. Cal. Penal Code § 638.51 ("CIPA Section

638.51").  CIPA defines a "pen register" broadly to include "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." *Id.* § 638.50(b).  *See Greenley v. Kochava*, 2023 WL 4833466, at \*15-\*16 (S.D. Cal. July 27, 2023) ("the Court rejects the contention that a private company's surreptitiously embedded software installed in a telephone cannot constitute a "pen register.").  CIPA imposes civil liability and statutory penalties for the installation of pen register software without a court order.  *Id.*

16.    Defendant knowingly and intentionally deployed "pen register" software on its website to decode routing, addressing, and signaling information to obtain the IP address of each visitor as part of Defendant's identity resolution efforts in violation of California law.  In response to an appropriate request, Plaintiff will share with Defendant proof of the deployment and activity of the pen register.

17.    Defendant used the pen register software to access Plaintiff's device and install tracking code on Plaintiff's device in violation of California law.  *See Greenley v. Kochava,* 2023 WL 4833466, at \*15-\*16 (S.D. Cal. July 27, 2023).  Defendant did not obtain Plaintiff's knowing and informed consent to do so, nor did Defendant obtain a court order authorizing it to do so.

## V.    CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within the state of California who visited Defendants website within the statute of limitations period and whose privacy was violated as described above.**

19.    NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be around 100.  The exact identities of Class Members may be ascertained by the records maintained by Defendant.

20.    COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.

21.    TYPICALITY: As a person who visited Defendant's Website and whose privacy was invaded, Plaintiff is asserting claims that are typical of the Class.

22.    ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

23.    SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.

## VI.    CAUSE OF ACTION

### CALIFORNIA INVASION OF PRIVACY ACT

### PENAL CODE SECTION 638.51

24.    Section 638.51 of the Penal Code provides that it is illegal to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." (Penal Code § 638.51(a).)  A "'Pen register' means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication.  (Penal Code § 638.50(b).)

25.    Defendant knowingly and criminally deployed pen register software to access Plaintiff's device, install tracking software, and obtain Plaintiff's IP address.  *See Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023) (Bashant, J.).  Plaintiff did not consent to Defendant's actions.

26.    Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy.

27.    By knowingly violating a criminal statute and illegally accessing Plaintiff's device to install tracking software, Defendant acted with oppression and malice.  As such, Defendant is liable for punitive damages pursuant to Civil Code section 3294.

28.    Plaintiff is also entitled to statutory damages of $5,000.  *See* Penal Code § 637.2(a)(1).

29.    The class members suffered the same intrusion and are entitled to the same damages as Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.     An order certifying the class and making appropriate case management orders therewith;

b.     For statutory damages, punitive damages, attorneys' fees; and

c.     For any and all other relief at law that may be appropriate.

Dated:  November 26, 2023                    PACIFIC TRIAL ATTORNEYS, APC

By:_____

Scott. J. Ferrell

Attorneys for Plaintiff

CLASS ACTION COMPLAINT

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Scott J. Ferrell    (Bar # 202091)
PACIFIC TRIAL ATTORNEYS
4100 Newport Place Dr., Suite 800, Newport Beach, CA 92660
TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional):*
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/27/2023 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Conni, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Rodriguez, et al. v. Leslie's Poolmart, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23STCV28907 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [X] Large number of separately represented parties         d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
   issues that will be time-consuming to resolve                   courts in other counties, states, or countries, or in a federal
c. [X] Substantial amount of documentary evidence                  court
                                                            f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [X] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 26, 2023

Scott J. Ferrell
(TYPE OR PRINT NAME)                                    ▶         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*LexisNexis® Automated California Judicial Council Forms*    www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Leslie's Poolmart, Inc. | 23STCV28907 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Leslie's Poolmart, Inc. | |

| | | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Leslie's Poolmart, Inc. | |

| | **A** <br> Civil Case Cover Sheet Case Type | **B** <br> Type of Action <br> (check only one) | **C** <br> Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation <br><br> Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Leslie's Poolmart, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Leslie's Poolmart, Inc. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>2005 East Indian School Road |
|---|---|
| CITY:<br>Phoenix | STATE:<br>AZ | ZIP CODE:<br>85016 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  Central
District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:  11/26/2023

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LESLIE'S POOLMART, INC., a Delaware corporation d/b/a
WWW.LESLIESPOOL.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REBEKA RODRIGUEZ, individually and on behalf of all others
similarly situated,

<table>
<tr><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/27/2023 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Carini, Deputy Clerk
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
312 N. Spring Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
23STCV28907

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091)
PACIFIC TRIAL ATTORNEYS, APC                                    Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660
DATE: 11/27/2023               David W. Slayton, Executive Officer/Clerk of Court
*(Fecha)*               Clerk, by     G. Carini               , Deputy
                        *(Secretario)*                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]                        **SUMMONS**                        Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>11/27/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ G. Carini _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV28907 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Lawrence P. Riff | 7 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/28/2023
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By G. Carini, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

1
2
3
4
5
6
7

**FILED**
Superior Court of California
County of Los Angeles

**DEC 0 4 2023**

David W. Slayton, Executive Officer/Clerk of Court
By: A. Morales, Deputy

8    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9    FOR THE COUNTY OF LOS ANGELES

10

11   REBEKA RODRIGUEZ                          ) Case No. 23STCV28907
                                               )
12            Plaintiff,                        ) **INITIAL STATUS CONFERENCE ORDER**
                                               )
13   vs.                                        ) DATE: February 23, 2024
                                               )
14   LESLIE'S POOLMART, INC.                    ) TIME:  9:00 a.m.
                                               )
15            Defendants                        ) PLACE: DEPARTMENT 7, SPRING ST.
                                               )
16                                              ) **\*\*JOINT STATEMENT DUE FIVE COURT
                                               ) DAYS IN ADVANCE OF HEARING\*\***
17                                              )
                                               )
18

19   ─────────────────────────────────

20

21        This case has been assigned for all purposes to Judge Lawrence P. Riff.

22        Please read the important courtroom information for Department 7 posted on the

23   court's website (www.lacourt.org) (go to "courtroom information on the main page) which

24   contains answers to many frequently asked questions.

25        The Court has scheduled an Initial Status Conference on the date and at the time set

     out above in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California
26
     90012.
27

28

1

ISC ORDER

Department 7 utilizes the LACourtConnect video and telephonic conference platform for hearings. Parties and counsel are invited to appear in person or via LACourtConnect. The Court has no preference. When appearing via LACourtConnect, please do so from a quiet place. Rules concerning court attire apply.

### <u>COUNSEL TO FILE NOTICE OF APPEARANCE;</u>
### <u>PLEADING STAY UNTIL FURTHER ORDER</u>

The Court orders each defendant promptly following service of summons and complaint to file a Notice of Appearance of counsel. The Notice of Appearance does not affect or prejudice any counsel's or party's legal position on any issue including without limitation any jurisdictional challenge.

The Court hereby issues a stay on the filing and service of any other pleadings **except** (a) an answer to the operative complaint; (b) notice of related case or (c) an amended complaint to add a PAGA claim to a wage and hour putative class action provided that no answer to the original complaint has been filed.

The Court issues the stay to provide for an orderly schedule for briefing and hearings on procedural and substantive pleadings challenges. This stay precludes without limitation the filing of any demurrer, motion to strike, motion challenging the jurisdiction of the Court or cross-complaint until further order of the Court.

### <u>DISCOVERY STAY UNTIL FURTHER ORDER</u>

The Court hereby imposes a stay on all discovery proceedings until further order of the Court including any obligation to make initial disclosures. This stay does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case. This stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

ISC ORDER

## INITIAL STATUS CONFERENCE

The purpose of the Initial Status Conference is to identify a fair and efficient way of proceeding with the case. The Court encourages the parties to propose approaches to case management.

.The Court orders counsel for all parties to confer via telephone, videoconference, or other real time technology, at least **seven court days** before the Initial Status Conference. The purpose of the meeting is to discuss the issues set out below so that counsel can prepare a Joint Statement to be filed with the Court **five court days** before the Initial Status Conference.

All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC. The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least **five court days** before the ISC. So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org upon agreement of an e-service provider.

Please remember that **electronic service** is not the same **as electronic filing**.

## PREPARING FOR THE ISC AND PREPARATION OF THE JOINT STATEMENT

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the facts and causes of action and addresses the following questions.  To the extent the parties disagree on any question, each party should set out his, her or its position in a separate paragraph beneath the issue or question heading.

    1.   Are there any issues of judicial recusal or disqualification?

    2.   The case type:

        (a)   wage and hour class action with or without PAGA

3

| | | |
|---|---|---|
| (b) | other class action (describe) |
| (c) | construction defect |
| (d) | mass tort |
| (e) | insurance coverage |
| (f) | other (describe) |

Each party should *briefly* describe the nature of the case, and the claims and defenses.  For wage and hour class actions, the parties should describe, to the extent known, the nature of the defendant's business, plaintiff's relevant work duties and the alleged work violation(s).

3.   The status of service and notice(s) of appearance(s) by defendant(s)?

4.   Whether any party intends to challenge jurisdiction (subject matter or personal).

5.   The parties' selected e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage).

6.   What provisions should be made for the preservation of evidence?

7.   What provisions should be made for electronically stored evidence? [1]

8.   Do the parties need a limited- or non-dissemination protective order? (The court recommends the model protective orders found on the Los Angeles Superior Court website (www.lacourt.org) under the Complex Court tab ("Civil Tools for Litigators."))

9.   A proposed deadline for adding and serving any new parties.

10. Should either or both the pleading and discovery stay be lifted and, if so, when and for what purposes?

---

[1] If electronically stored information must be produced, the court encourages the parties' respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

ISC ORDER

11. The identification of any "related case". (Answer question 15 for wage and hour class action/PAGA matters.)

12. A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers and email addresses.

13. Recommended orders to be made at the ISC.

14. Recommended date for the next status conference.

## FOR WAGE AND HOUR PUTATIVE CLASS ACTIONS/PAGA MATTERS

15. Each party should state, if known: (a) the estimated size of any putative class; (b) a description (including case numbers) of any related or potentially related cases pending in other departments of the Los Angeles Superior Court or any other court (including class actions with overlapping class definitions); and (c) whether a class representative has or is expected to file a PAGA claim either as an amendment in this lawsuit or filed separately, independent of this lawsuit—and if so, whether such separate lawsuit should be deemed related to this lawsuit; and if not, why not. (Parties are encouraged to review their obligations regarding notices of related cases.)

16. Does any party intend to move to compel arbitration? Before filing a motion to compel arbitration, the defendant must provide the plaintiff with a copy of the arbitration agreement and meet and confer with counsel to determine whether the plaintiff will oppose the motion to compel arbitration.

The defendant so intending to move is required to provide a copy of the relevant agreements purportedly containing the arbitration provisions well before the ISC meet and confer, and plaintiff's counsel is expected to have formed a position as to whether plaintiff will or will not oppose a demand for arbitration and whether discovery should be opened relative to the subject of arbitration.

17. The parties' positions on "class list" discovery and arrangements for a Belaire-West notice process.

1    18. Are the parties committed to engage in early mediation and if so, (a) when is

2  the mediation scheduled to occur and (b) what accommodations, if any, do the parties seek

3  from the court?  (Note: this should be discussed with clients well in advance of the ISC so

4  that counsel are in a position to make commitments at the ISC.)

5

6                    **PLAINTIFF'S COUNSEL TO SERVE THIS ISC ORDER**

7    The Court orders Plaintiff's counsel to serve this Initial Status Conference Order

8  on counsel for all other parties, or if counsel's identity is not known, on the parties within **ten**

9  **court days** of the date of this Order.

10

11

12  Dated:    DEC  0 4 2023

13                                    Lawrence P. Riff
                                      Judge of the Superior Court
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 7

**23STCV28907**                                                          December 4, 2023
**REBEKA RODRIGUEZ,  vs LESLIE'S POOLMART, INC.**                         11:55 AM

| | |
|---|---|
| Judge: Honorable Lawrence P. Riff | CSR: None |
| Judicial Assistant: Alfredo Morales | ERM: None |
| Courtroom Assistant: Teresa Bivins | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
02/23/2024 at 09:00 AM in this department. At least seven (7) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 7

**23STCV28907**                                                    December 4, 2023
**REBEKA RODRIGUEZ,  vs LESLIE'S POOLMART, INC.**                       11:55 AM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Alfredo Morales         ERM: None
Courtroom Assistant: Teresa Bivins          Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**23STCV28907**                                                    December 4, 2023
**REBEKA RODRIGUEZ,  vs LESLIE'S POOLMART, INC.**                         11:55 AM

Judge: Honorable Lawrence P. Riff              CSR: None
Judicial Assistant: Alfredo Morales            ERM: None
Courtroom Assistant: Teresa Bivins             Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within seven (7) days
of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/04/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Morales _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Rebeka Rodriguez, | |
| DEFENDANT/RESPONDENT:<br>Leslie's Poolmart, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV28907 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Assigned Case) of 12/04/2023, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott Jason Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Drive Suite 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 12/4/2023

By: A. Morales
Deputy Clerk

**CERTIFICATE OF MAILING**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address) | FOR COURT USE ONLY |
|---|---|
| SCOTT J. FERRELL, (SBN: 202091)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional)*: (949) 706-6469<br>E–MAIL ADDRESS *(Optional)*: sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/31/2023 3:02 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Grade, Deputy Clerk |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 312 N. Spring Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: SPRING STREET COURTHOUSE | |
| PLAINTIFF/PETITIONER: REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated<br><br>DEFENDANT/RESPONDENT: LESLIE'S POOLMART, INC., a Delaware corporation d/b/a WWW.LESLIESPOOL.COM | CASE NUMBER: **23STCV28907** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1184736JR |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of :
   - a. ☒ Summons
   - b. ☒ Complaint
   - c ☒ Alternative Dispute Resolution (ADR) package
   - d ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e ☐ cross-complaint
   - f. ☒ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location ; Notice of Case Assignment ; Order Pursuant to CCP 1054 (a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation ; Voluntary Efficient Litigation Stipulations Package
3. a. Party served: *(specify name of party as shown on documents served):*
   LESLIE'S POOLMART, INC., a Delaware corporation d/b/a WWW.LESLIESPOOL.COM
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
   CSC Lawyers Incorporating Service, Registered Agent, By Serving, ALEX JENKINS, AUTHORIZED PERSON FOR SERVICE
4. Address where the party was served: 2710 GATEWAY OAKS DR. SUITE 150N
   SACRAMENTO, CA 95833
5. I served the party *(check proper box)*
   - a. ☒ **by personal service. I** personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* DECEMBER 5, 2023   (2) at: *(time)* 12:22 PM

   - b. ☐ **by substituted service.** On *(date):*              at: *(time)*           . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3):
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):          (city):          **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |
|---|---|---|

| PLANTIFF/PETITIONER:  REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated<br><br>DEFENDANT/RESPONDENT:  LESLIE'S POOLMART, INC., a Delaware corporation d/b/a WWW.LESLIESPOOL.COM | CASE NUMBER:<br><br>**23STCV28907** |
| --- | --- |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):           (1) (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (specify means of service and authorizing code section):

      ☐    Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant

  b. ☐ as the person sued under the fictitious name of (specify):

  c. ☒ on behalf of (specify): LESLIE'S POOLMART, INC., a Delaware corporation d/b/a WWW.LESLIESPOOL.COM

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)

                             ☐ other:

7.  **Person who served papers**

  a.  Name: ROBERT J. MASON

  b.  Address: **800 W. 1ST STREET, SUITE 200-B LOS ANGELES, CALIFORNIA 90012**

  c.  Telephone number: **(213) 607-9000**

  d.  The fee for service was: $ 109.00

  e.  I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server:

        (i)  ☐ owner  ☐ Employee  ☒ independent contractor.

        (ii)  ☒ Registration No.:03-007

        (iii) ☒ County: PLACER

USA Legal Network

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Or

9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: DECEMBER 13, 2023

ROBERT J. MASON

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

                                                 _____
                                                (SIGNATURE)

**Page 2 of 2**

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10